No. 14-2574
United States Court Of Appeals
For The Seventh Circuit

Timothy Austin
Appellant

V.

Westsville Superintendent
Appellee

U.S.C.A. — 7th Circuit
F I L E D
SEP 24 2014
GINO J. AGNELLO
CLERK

Appeal From The United States District Court
For Northern Indiana
Hammond Division
Case No. 2:13-CV-00221-JTM
The Honorable Judge James T Moody
Brief of
Appellant, Timothy Austin

Timothy Austin #209647
Westville Correctional Facility
5501 S. 1100 W.
Westville IN 46391

Timothy Austin, Pro Se

<u>Table Of Contents</u>

| | Pg. |
|---|---|
| Table Of Authorities | 1 |
| Statement Of The Issues | 2-3 |
| Statement Of The Case | 4 |
| Summary Of Argument | 5 |
| Argument | 5-7 |
| Conclusion | 8 |
| Certificate Of Service | 8 |

<u>Table Of Authorities</u>

| | |
|---|---|
| Harris v. Duckworth, 909 F.2d 1057 (7th 1990) | 5 |
| Markham v. Clark, 978 F.2d 993 (7th 1992) | 5 |

## Statement Of The Issues

1. During this, the officer stated I was "assigned" to work on a daily basis in the Crawl Space. There were five people on the road crew and approx. 4 weeks prior to the write up, 2/28/13, we all worked in the crawl space over a period of 2 days. After that, no one worked or was supposed to have access to the crawl space. As of our last day of work, 2/26/13, and for the week prior, I worked with the other 2 officers, under close supervision, in the opposite end of the building and had no access to the area in question.

2. The appellant, Timothy Austin, repeatedly requested that the two officers and Tony Shibler be called for witness statements. The screening officer repeatedly refused to allow me to call an officer for a statement and refused to allow me to call Tony Shibler because on 2/26/13, Mr. Shibler was caught attempting to traffic a pound of tobacco in. Upon being caught, Mr. Shibler informed the officer he had more tobacco at the worksite. As I've stated in all my appeals so far, I was denied the right to call "favorable" witnesses. No where did I say I was denied to call witnesses. I stated "Favorable". The three people I could have called to clear me of these false charges, were denied to me, then the screening officer told me the only people I could call were other inmate workers. An officers statement is an automatic 51% of the decision. By denying my right to call the officers for their statements, I was automatically guilty.

2

3. I requested to have all evidence in the case brought forth. The screening officer told me there was no evidence for me to call and then marked on the form 'no evidence requested', even though I attempted to request all evidence.

4. Out of 5 people on the work crew, I was singled out and the only one wrote up, even though Tony Shibler had already admitted to it being his, not even he was wrote up for it.

5. Originally this was wrote up as a 111 (Attempting to commit any Class A offense), then at the hearing it was added a 113 (Attempted Trafficking), and then whatever they wanted to refer to it as.

6. One of the topics the state brings up in refusal of a Lay Advocate. As the hearing officer explained, the only reason I'd need a lay advocate was if I couldn't read or write English. He never informed anyone that they are supposed to be there to help you. Even still, all Lay Advocates are inmates and that usually they have no law experience.

7. I also attempted call Officer Spoon, the officer who wrote the report, to confront & cross examine his statement against me. This was denied. This report of his was the only evidence in the case. I wasn't caught with anything in my possession, in my property, or in my current assigned work area.

3

## Statement Of The Case

On 2/26/13, Tony Shibler was caught trafficking a pound of tobacco from the Gang worksite into the Westville Correctional Facility. He then admitted to having more tobacco at the work site. This was our last day of work. The next day, officers went and searched the work site and found his other tobacco. They found a bag that "appeared" to contain tobacco, rolling papers, and more baggies. Then on 2/28/13 I was transported to a disciplinary idle down to await hearing for a Conduct Report. Then when I finally seen the Screening Officer, I was refused the right to call "favorable" witnesses and to request evidence. Then at my Hearing, the officer was already marking me guilty and picking my sanctions before I had a chance to defend myself and refused to hear me out on any point I had to say. Then there has been paperwork I wrote out in my initial appeals that have come up missing when I filed my appeal in the Federal Courts.

4

## Summary Of Argument

A summary of all issues presented is that all things denied in this case collectively resulted in me being unable to properly defend myself and directly resulted in my being found guilty. To add to this, in a year and a half, I've been afforded the opportunity to go to the Law Library only 4 times for about an hour and a half a session, which has not provided adequate time for research and prep in this case.

## Argument

All of my arguments in this case were directly pulled from the cases: <u>Harris V. Duckworth, 909 F.2d 1057 (7th 1990)</u> and <u>Markham V. Clark, 978 F.2d 993 (7th 1992)</u>. Both of these case files were sent in with my original appeal to the US District Court. There were several others along with these two to support my claims that I was researching and approx. 6-8 months ago the law library went through an update and now all my files have been deleted and whole sections of the law databases are missing. I can't even find most all of the cases the state is trying to use against me.

<u>Issue #1</u> - Had I been able to call the two officers I worked with for witness statements, it would have been shown that at and around the time of the incident, I had no access to the crawl space where the tobacco was found. It would have shown I was assigned to the opposite end of the building and was under constant supervision.

5

Issue #2 - I was refused the right to call "favorable" witnesses. Had I been able to call the other 2 officers and Tony Shibler, with their statements I'd have been able to properly defend myself and been found innocent. With statements from the officers, it would have been determined that I was assigned to work with them, under close supervision, and had no access to the area in question. With a statement from Mr. Shibler, it would have been determined that he'd admitted to possession of the tobacco and to having been the only one working in that area.

Issue #3 - The only evidence in this case was a conduct report. I requested for all evidence and was told there was no evidence to request. All small amounts of tobacco and papers are only a Class C conduct report for Poss. Of Tobacco or Paraphernalia, not a Class A. I was found guilty strictly on the basis that the officer stated it was mine.

Issue #4 - I was the only one out of five people on the work crew to recieve a conduct report. Tony Shibler admitted to it being his after being caught trafficking tobacco into the facility. He recieved a Class B for trafficking but not for the rest that he admitted to.

Issue #5 - Was originally wrote up on one offense which was then changed after the fact and left as two seperate offenses on one conduct report. (111 and 113).

Issue #6 - Had the proper definition of a Lay Advocate been explained to me when I asked, instead of being lied to, I'd have requested one. The screening officer stated the need for a Lay Advocate was only if I couldn't read, write, or understand English.

Issue #7 - I tried to request Officer Spoon to be called in to confront and cross examine the statement against me. This may have explained why he wrote the conduct report as he did, where I was currently working, that I was assigned to work with the other two officers and not with him. It would have shown that Tony Shibler and Brian Rhodes worked with him and that Mr. Shibler was the only one working in that area and the only one to have access to that area.

In summary of all this, I wasn't caught with anything in my possession, in my property, or in my work area. Word of mouth is the only thing used to find me guilty. When someone takes responsibility for possession of contraband, they should be the one to recieve the conduct report, not someone with no participation.

<u>Conclusion</u>

Wherefore, the Appellant, Timothy Austin, respectfully requests this court to reverse the judgement of the trial, and for all other relief just and proper in the premises.

Respectfully Submitted,

*[signature]*

Timothy Austin #209647
Westville Correctional Facility
5501 S. 1100 W.
Westville, IN 46391

<u>Certificate Of Service</u>

I affirm that a copy of the foregoing has been served via US Postal Service on US Court Of Appeals on this 21st day of Sept., 2014.

*[signature]*

Timothy Austin, Pro-Se

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 3 of 19
Case: 14-2574 Document: 13 Filed: 09/24/2014 Pages: 18
Case: 14-2574 Document: 1-1 Filed: 07/17/2014 Pages: 20
Case 2:13-cv-00221-JTM Document 9 Filed 06/11/14 Page 1 of 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY AUSTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:13 CV 221 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Timothy Austin, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE #1.) In WCC #13-03-0074, a hearing officer found Austin guilty of attempted trafficking. (DE #7-8 at 1.) The charge was initiated on February 28, 2013, when Correctional Officer M. Spoon wrote a conduct report stating as follows:

> On Feb 28, 13 at approx. 10:00 AM while I Ofc Spoon was shaking down the crawl space at the Gary Parole Office, Gary, IN. I Ofc Spoon found 5 packs of Bugler cigarette papers, 1 ziploc bag that appears to have tobacco in it, 2 ziplock bags filled with more ziplock bags in it. Offender Austin, Timothy #20967 was assigned to this area (crawl space) as his work assignment.

(DE #7-1.)

On March 7, 2013, Austin was formally notified of the charge and given a copy of the conduct report. (DE #7-1; DE #7-2.) He pled not guilty, declined the assistance of a lay advocate, did not request any physical evidence, and requested witness statements from fellow inmates Brian Rhodes, Adam Vigil, and David Armentrout. (DE #7-2.) Statements were obtained from all three witnesses prior to the hearing. Vigil stated as

3

follows: "Every time Mr. Austin went into the crawl space he was supervised by a C/O. Other then that I know nothing about all that other stuff." (DE #7-3). Rhodes stated, "I don't think that Austin, Timothy had nothing to do with what he's being accused of. I worked with him (Austin) but [was] never around him." (DE #7-4.) Armentrout stated, "I never saw anyone in the crawl space but I know Tim was the one that I was told had went down there." (DE #7-5.)

After a postponement, a hearing was held on March 25, 2013. (DE #7-8.) Austin made the following statement: "I wasn't working in the crawl space I was working above ground."(*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) As a result he lost 60 days of earned-time credits, among other sanctions. (*Id.*) His administrative appeals were denied. (DE #7-9 to DE #7-11.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455 (1985).

2

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 5 of 19
Case: 14-2574   Document: 13   Filed: 09/24/2014   Pages: 18
Case: 14-2574   Document: 1-1   Filed: 07/17/2014   Pages: 20
Case 2:13-cv-00221-JTM   Document 9   Filed 06/11/14   Page 3 of 7

In his first two claims, Austin argues that he was denied the opportunity to call witnesses. (DE #1 at 2-3.) A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Austin claims that he was denied the opportunity to obtain statements from prison staff, who could have provided more information about his work assignments. (DE #8 at 3.) However, the record reflects that at screening Austin requested statements from only three witnesses; those statements were obtained and considered by the hearing officer. (DE #7-2 to 7-5.) He cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Nor has he made the necessary showing of prejudice. It appears Austin takes issue with Officer Spoon's phrasing in the conduct report that he

3

case 2:13-cv-00221-JTM   document 14-1   filed 07/16/14   page 6 of 19
Case: 14-2574   Document: 13   Filed: 09/24/2014   Pages: 18
Case: 14-2574   Document: 1-1   Filed: 07/17/2014   Pages: 20
Case 2:13-cv-00221-JTM   Document 9   Filed 06/11/14   Page 4 of 7

was "assigned" to the crawl space, and wanted staff to explain that the crawl space was not his official work station. Even if he could have obtained such testimony, it would not have exculpated him from the charge. The key issue was whether Austin had access to the crawl space through his prison job, and he acknowledges as much in his filings. (DE #1 at 3; DE #8 at 3.) The statements of his own witnesses also confirmed that Austin had been in the crawl space. (DE #7-3 to 7-5.) Thus, his argument is unavailing.

He also suggests that the hearing officer improperly relied on "hearsay" statements and denied him the opportunity to cross-examine Officer Spoon. This was not a formal criminal proceeding, and the hearing officer was not required to follow the formal rules of evidence, or permit Austin to confront or cross-examine adverse witnesses. *Piggie,* 342 F.3d at 666 (inmate had no right to cross-examine or confront adverse witnesses); *Walker v. O'Brien,* 216 F.3d 626, 637 (7th Cir. 2000) (formal rules of evidence do not apply at prison disciplinary proceeding). Nor does Austin explain how a cross-examination of Officer Spoon would have revealed evidence exculpating him from the charge. *See Jones,* 637 F.3d at 847; *Meeks,* 81 F.3d at 721. Again his complaint appears to be that he was not technically "assigned" to the crawl space, but as explained above, this distinction is irrelevant. Austin has not demonstrated an entitlement to habeas relief.

Austin's two remaining claims can be read to challenge the sufficiency of the evidence. (DE #1 at 3.) In reviewing a disciplinary proceeding for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record,

4

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 7 of 19
Case: 14-2574   Document: 13   Filed: 09/24/2014   Pages: 18
Case: 14-2574   Document: 1-1   Filed: 07/17/2014   Pages: 20
Case 2:13-cv-00221-JTM   Document 9   Filed 06/11/14   Page 5 of 7

independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, Officer Spoon described how contraband was found hidden in a crawl space where Austin had been working. (DE #7-1.) Austin does not refute the specifics of Officer Spoon's account, but points out that four other inmates also had access to the crawl space. (DE #1 at 3.) He further claims that he had not been down in the crawl space for approximately 3-4 weeks prior to the date the contraband was found. In his view, he could not have been found guilty because there was no direct evidence that the tobacco was his. However, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Furthermore, the record need not contain evidence of actual possession of contraband, as long as there is sufficient evidence of constructive possession. *Id.* at 345-46. There is sufficient evidence of constructive possession in this case, since the contraband was found in an area where Austin and only a few other inmates had access to it. *See Hill*,

472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *Hamilton*, 976 F.2d at 345-46 (evidence of constructive possession was sufficient, since contraband was found in a location where only the petitioner and three other inmates could have left it); *see also Pigg v. Finnan*, 289 Fed. Appx. 945, 947 (7th Cir. Aug. 18, 2008) ("When only a few inmates have access to the place contraband is found, constructive possession is 'some evidence' sufficient to sustain a disciplinary conviction.").

Austin also argues that he should not have been found guilty because another inmate admitted to trafficking tobacco around the time of this incident. (DE #8 at 3.) There is nothing in the administrative record to support his assertion. Moreover, even if another inmate admitted to trafficking, the hearing officer was not required to credit the truth of this statement, nor would it necessarily exculpate Austin from the charge. The hearing officer could have reasonably concluded that more than one inmate was involved in the trafficking scheme. In any event, weighing the evidence and assessing the relative credibility of the witnesses were tasks for the hearing officer, not this court. *McPherson*, 188 F.3d at 786. To be constitutionally adequate, the evidence does not have to point to only one logical conclusion; the question is whether there is some evidence to support the hearing officer's decision. Based on the record, the court cannot say that the hearing officer's decision was arbitrary or without evidentiary support. *See Hill*, 472

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 9 of 19
Case: 14-2574    Document: 13    Filed: 09/24/2014    Pages: 18
Case: 14-2574    Document: 1-1    Filed: 07/17/2014    Pages: 20
Case 2:13-cv-00221-JTM   Document 9   Filed 06/11/14   Page 7 of 7

U.S. at 457; *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination).

Finally, in his traverse, Austin appears to assert a number of additional claims based on violations of Indiana Department of Correction ("IDOC") policies governing time deadlines and the choice of sanction imposed. (DE #8.) A traverse is not the place to be asserting new claims for the first time. See RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Regardless, even if IDOC rules were violated, this would not entitle Austin to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the United States Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

For these reasons, the petition (DE #1) is **DENIED**.

**SO ORDERED.**

Date: June 11, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

9

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 10 of 19
Case: 14-2574  Document: 13  Filed: 09/24/2014  Pages: 18
Case: 14-2574  Document: 1-1  Filed: 07/17/2014  Pages: 20
Case 2:13-cv-00221-JTM  Document 10  Filed 06/11/14  Page 1 of 2

AO 450 (Rev. 01/09) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

**Timothy W Austin**
　　　　　*Plaintiff*　　　　　)
　　　　　v.　　　　　　　　　)　　Civil Action No.　2:13cv221
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
**Superintendent**　　　　　　)
*Westville Correctional Facility*
　　　　　*Defendant*

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ .

X other:  Petition for Writ of Habeas Corpus is DENIED

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

X decided by Judge  James T Moody  on a motion for  Writ of Habeas Corpus

Date:  Jun 11, 2014　　　　　　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　　　/S/ Marijana Ciric

10

case 2:13-cv-00221-JTM document 14-1 filed 07/16/14 page 11 of 19
Case: 14-2574 Document: 13 Filed: 09/24/2014 Pages: 18
Case: 14-2574 Document: 1-1 Filed: 07/17/2014 Pages: 20
Case 2:13-cv-00221-JTM Document 10 Filed 06/11/14 Page 2 of 2

_____
*Signature of Clerk or Deputy Clerk*