**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

_____

**No. 14-2574**

_____

| | | |
|---|---|---|
| TIMOTHY AUSTIN, | ) | Appeal from the United States |
| | ) | District Court |
| Appellant (Petitioner below), | ) | Northern District of Indiana |
| | ) | Hammond Division |
| v. | ) | |
| | ) | Cause No. 2:13-CV-00221-JTM |
| SUPERINTENDENT, | ) | |
| | ) | The Honorable James T. |
| Appellee (Respondent below). | ) | Moody, Judge. |

_____

**BRIEF OF APPELLEE**

_____

GREGORY F. ZOELLER
Attorney General of Indiana
Atty. No. 1958-98

FRANCES BARROW
Deputy Attorney General
Atty. No. 15115-22
Office of Attorney General
Indiana Government Center South
Fifth Floor
302 West Washington Street
Indianapolis, IN  46204
TEL: 317/ 233-0555
FAX:  317/232-7979

Attorneys for Appellee

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................ii

Jurisdictional Statement ........................................................................................... 1

Statement of the Issue ............................................................................................... 2

Statement of the Case and of the Relevant Facts .................................................... 2

Summary of the Argument ........................................................................................ 5

Argument ................................................................................................................... 6

      Standard of Review.............................................................................................. 6

      Austin was afforded due process in his disciplinary proceeding ............................... 7

Conclusion ............................................................................................................... 11

Certificate of Service ............................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Giles v. Hanks*,
No. 02-3165, 72 Fed. Appx. 432 (7th Cir. June 25, 2003) ..................................9

*Hamilton v. O'Leary*,
976 F.2d 341 (7th Cir. 1992) ..................................9

*Holman v. Gilmore*,
126 F.3d 876 (7th Cir. 1997) ..................................6

*Lenea v. Lane*,
882 F.2d 1171 (7th Cir. 1989) ..................................8

*Mason v. Sargent*,
898 F.2d 679 (8th Cir. 1990) ..................................9

*Miller v. Duckworth*,
963 F.2d 1002 (7th Cir. 1992) ..................................11

*Molo v. Johnson*,
207 F.3d 773 (5th Cir. 2000) ..................................6

*O'Neal v. McAninch*,
513 U.S. 432 (1995)..................................10

*Pannell v. McBride*,
306 F.3d 499 (7th Cir. 2002) ..................................7

*Piggie v. Cotton*,
342 F.3d 660 (7th Cir. 2003) ..................................7

*Piggie v. McBride*,
277 F.3d 922 (7th Cir. 2002) ..................................9

*Superintendent v. Hill*,
472 U.S. 445 (1985)..................................7, 8

*U.S. v. Alanis*,
265 F.3d 576 (7th Cir. 2001) ..................................9

*Webb v. Anderson*,
224 F.3d 649 (7th Cir. 2000) ..................................8

*White v. Godinez,*
   301 F.3d 796 (7th Cir. 2002) ................................................................................7

*Wolff v. McDonnell,*
   418 U.S. 539 (1974)...........................................................................................7, 11

**Statutes**

28 U.S.C. § 2254(a) .................................................................................................6

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

───────────────

**No. 14-2574**

───────────────

| | | |
|---|---|---|
| TIMOTHY AUSTIN, | ) | Appeal from the United States |
| | ) | District Court |
| Appellant (Petitioner below), | ) | Northern District of Indiana |
| | ) | Hammond Division |
| v. | ) | |
| | ) | Cause No. 2:13-CV-00221-JTM |
| SUPERINTENDENT, | ) | |
| | ) | The Honorable James T. |
| Appellee (Respondent below). | ) | Moody, Judge. |

───────────────

**BRIEF OF APPELLEE**

───────────────

**<u>JURISDICTIONAL STATEMENT</u>**

The Brief of Appellant lacks a jurisdictional statement and, therefore, the Appellant's jurisdictional statement is not complete and correct. Timothy Austin's federal claim was brought in the district court pursuant to Rule 5 of the Rules of Governing 28 U.S.C. Section 2254 cases (Docket # 1). Jurisdiction for this action is conferred by 28 U.S.C. § 2241. Austin alleged that the Indiana Department of Correction's disciplinary proceedings failed to provide him with the minimal procedural protections required by federal law. The district court denied Austin's petition and dismissed this action on June 11, 2014 (Docket ## 9, 10).

1

Austin's notice of appeal was filed on July 16, 2014 (Docket # 11).  Believing the appeal was untimely filed, Austin filed a motion for extension of appeal period on July 28, 2014, and explained he was a prisoner and had timely tendered his notice of appeal for mailing on July 6, 2014 (Docket # 17).  The district court denied the motion as unnecessary on July 29, 2014, finding Austin's notice of appeal was tendered within 30 days of the judgment (Docket # 18).

No motions to alter or amend were filed under Trial Rule 59.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291 and Federal Rule of Appellate Procedure 3.

## STATEMENT OF THE ISSUE

In a prison disciplinary proceeding at the Westville Correctional Facility, Austin was convicted of attempting to commit any class A offense - Trafficking.  The issue on appeal is whether Austin was denied due process in the prison disciplinary proceedings.

## STATEMENT OF THE CASE AND OF THE RELEVANT FACTS

Austin currently is in the custody of the Respondent/Appellee, Superintendent of the Chain O' Lakes Correctional Facility.  He is serving a sentence for dealing in methamphetamine (www.in.gov/apps/indcorrection/ofs (last visited October 27, 2014)).  His earliest possible release date is March 10, 2016 (*Id*.).  This disciplinary matter arose while Austin was incarcerated at the Westville Correctional Facility.

On February 28, 2013, Correctional Officer M. Spoon wrote a Report of

Conduct that charged Austin with class A offenses 111/113, attempting to commit

any class A offense - Trafficking (Docket # 7, Exhibit A).  The Conduct Report

states:

> On Feb 28, 13 at approx. 10:00 AM while I Ofc Spoon was shaking down the crawl spase at the Gary Parole Office, Gary, IN.  I Ofc Spoon found 5 packs of Bugler cigarette papers, 1 ziploc bag that appears to have tobacco in it, 2 ziplock bags filled with more ziplock bags in it.  Offender Austin, Timothy #20967 was assigned to this area (crawl space) as his work assignment.

(*Id.* (spelling in original)).

On March 7, 2013, Austin was notified of the charge of class A offenses

111/113, attempting to commit any class A offense, when he was served with the

Conduct Report and the Notice of Disciplinary Hearing (Screening Report) (Docket

# 7, Exhibits A, B).  Austin was notified of his rights and pleaded not guilty (*Id.*,

Exhibit B).  He did not request a lay advocate or any physical evidence.  (*Id.*).  He

requested as witnesses offenders Brian Rhodes, Adam Vigil, and David Armentrout

(*Id.*).

Offender Vigil submitted a written statement that said "[e]very time Mr.

Austin went into the crawl space he was supervised by a C/O.  Other then that I

know nothing about all that other stuff" (Docket # 7, Exhibit C (spelling in

original)).  Rhodes' statement was "I don't think that Austin, Timothy had nothing

to do with what's he's bring accused of.  I worked with him (Austin) but never

around him" (*Id.*, Exhibit D (spelling in original)).  Armentrout stated "I never saw

anyone in the crawl space but I know Tim was the one that I was told had went

down there" (*Id.*, Exhibit E).

The hearing initially scheduled for March 8, 2013, was postponed due to time

constraints (Docket # 7, Exhibit G).  A disciplinary hearing in WCC-13-0074 was

conducted on March 25, 2013 (*Id.*, Exhibit H).  Austin's comment was that he

pleaded not guilty because "I wasn't working in the crawl space I was working

above ground" (*Id.*).  Relying on staff reports, Austin's statement, and evidence from

witnesses, the hearing officer found him guilty of attempting to commit any class A

violation (*Id.*).  The reason for the decision was that the Conduct Report clearly

stated that Austin was assigned to the crawl space where tobacco was found (*Id.*).

The hearing officer recommended and approved sanctions including an earned

credit time deprivation of 60 days and a demotion from Credit Class 1 to Credit

Class 2 (*Id.*).  The hearing officer imposed the sanctions because of the seriousness

and frequency of the offense, the nature of the offense, the offender's attitude and

demeanor during the hearing, the degree to which the violation

disrupted/endangered the security of the facility, and the likelihood of the sanction

having a corrective effect on the offender's future behavior (*Id.*).

Austin appealed to the Facility Head on March 25, 2013 (Docket # 7, Exhibit

I).  The Facility Head denied the appeal on April 10, 2013 (Docket # 7, Exhibit J).

Austin appealed to the Final Reviewing Authority, who denied his appeal by letter

dated May 2, 2013 (*Id.*, Exhibit K).

Austin filed a petition for writ of *habeas corpus* in federal district court on June 26, 2013 (Docket # 1).  Respondent, (then the Superintendent of the Westville Correctional Facility), filed his Response to Order to Show Cause and Memorandum of Law on April 30, 2014 (Docket # 7).  Austin filed his response on May 13, 2014 (Docket # 8).

On June 11, 2014, the district court denied Austin's petition for writ of *habeas corpus* and judgment was entered the same day (Docket ## 9, 10).  Austin filed a notice of appeal on July 16, 2014 (Docket # 11).

## SUMMARY OF THE ARGUMENT

Austin is not entitled to habeas relief because he was afforded due process. He received 24-hour notice of the charge against him, and, at the time he received notice of the charge, he was given the opportunity to request witnesses and evidence, and he decided not to request any physical evidence.  He does not complain that he was denied an impartial decision maker.  He received a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  Also, "some evidence" supported the disciplinary conviction for attempting to commit trafficking.  Specifically, the Conduct Report stated that Austin worked in a crawl space where tobacco was found.

Austin does not deny that he worked in the crawl space at some point, but maintains that other offenders worked there as well, and that another offender admitting that he possessed the tobacco.  However, this Court recognizes that offenders who live in the same area may, for example, exercise joint possession of

contraband.  Under these circumstances, Austin's access to the tobacco was "some evidence" of guilt, even though another offender admitted to possession.

Austin argues that the only evidence in the case was the Conduct Report. But a conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence.

Austin contends that he was denied favorable witnesses, but he requested three witnesses, all of whom provided written statements.  He never requested other witnesses and any due process error was harmless in any event.

Austin argues that he would have requested a lay advocate, but the screening officer lied to him and said he would need a lay advocate only if he could not read, write, or understand English.  This claim fails because due process does not require that a prisoner be appointed a lay advocate for a disciplinary hearing unless the offender is illiterate or the issue is complex.  In this case Austin does not allege that he is illiterate or that this case is unusually complex.

## ARGUMENT

### Standard of Review

Writs may issue under Section 2254 for violations of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  A violation of state law, however, will not support issuance of a writ of habeas corpus.  *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997); *Molo v. Johnson*, 207 F.3d 773, 776, n. 9 (5th Cir. 2000).

In a prison disciplinary proceeding, there are five safeguards to which an offender is entitled when those proceedings result in a lengthened period of imprisonment. The safeguards can be summed up as follows:

(a) Written notice of the charges at least 24 hours before the hearing;

(b) The opportunity to be heard before an impartial decision maker;

(c) The opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals;

(d) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

(e) "Some evidence" to support the decision of the board.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974).

This Court reviews a district court's decision on a petition for habeas corpus *de novo. Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir. 2002). The decision of the district court will be affirmed so long as the account "is plausible in light of the evidence." *Piggie v. Cotton,* 342 F.3d 660, 663 (7th Cir. 2003) (citing *White v. Godinez,* 301 F.3d 796, 801 (7th Cir. 2002)). This review "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455.

## Austin was afforded due process in his disciplinary proceeding.

Austin is not entitled to habeas relief because he was afforded due process. He received 24-hour notice of the charge against him, and, at the time he received notice of the charge, he was given the opportunity to request witnesses and

7

evidence, and he decided not to request any physical evidence.  *See* Screening

Report (Docket # 7, Exhibit B).  His appellate brief does not complain that he was

denied an impartial decision maker.  He received a written statement by the fact-

finder of the evidence relied on and the reasons for the disciplinary action (*Id.*,

Exhibit H).

Also, "some evidence" supported the disciplinary decision.  *See Hill*, 472 U.S.

at 454.  This standard "does not require evidence that logically precludes any

conclusion but the one reached by the disciplinary board."  *Id.* at 457.  The

determination should be upheld if "there is any evidence in the record that could

support the conclusion reached."  *Id.*  Even "meager" proof will suffice so long as

"the record is not so devoid of evidence that the findings of the disciplinary board

were without support or otherwise arbitrary."  *Id.*  This is a "lenient" standard,

requiring no more than "a modicum of evidence."  *Webb v. Anderson*, 224 F.3d 649

(7th Cir. 2000), *citing Hill,* 472 U.S. at 457, and *Lenea v. Lane*, 882 F.2d 1171, 1175

(7th Cir. 1989).

> The Conduct Report states:
>
> On Feb 28, 13 at approx. 10:00 AM while I Ofc Spoon was shaking down the crawl spase [sic] at the Gary Parole Office, Gary, IN.  I Ofc Spoon found 5 packs of Bugler cigarette papers, 1 ziploc bag that appears to have tobacco in it, 2 ziplock bags filled with more ziplock bags in it.  Offender Austin, Timothy #20967 was assigned to this area (crawl space) as his work assignment.

(Docket # 7, Exhibit A).  The Conduct Report is "some evidence" that Austin was

guilty of attempting to commit trafficking.  It states that Austin was assigned to

work in a crawl space where tobacco was found.

Austin does not deny that he worked in the crawl space at some point, but maintains that other offenders worked there as well. Also, he argues at issues ## 2 and 4 in his brief that another offender, Tony Shibler, admitted to possessing the tobacco. However, this Court recognizes that offenders who live in the same area may, for example, exercise joint possession of contraband. *See Giles v. Hanks*, No. 02-3165, 72 Fed. Appx. 432, 433-34 (7th Cir. June 25, 2003) (citing *U.S. v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001) (concluding that if one occupant of a cell admits owning contraband, the other occupant may be held accountable because they may exercise joint possession). *See also Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (finding "some evidence" of a prisoner's possession of a weapon found in a cell shared with three other inmates); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (finding "some evidence" supported disciplinary charge even though another inmate admitted placing contraband in a shared locker). Under these circumstances, Austin's access to the tobacco was "some evidence" of guilt, even though another offender admitted to possession.

Issue # 3 at page 6 of Austin's brief argues that he was denied favorable witnesses. However, he requested three witnesses, all of whom provided written statements (Docket # 7, Exhibits C, D, E). Austin says he wanted Offender Shibler to testify, but he never requested him as a witness. He says he wanted two correctional officers as witnesses but he never requested them either. The district court, citing *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002), correctly stated

9

that Austin "cannot fault the hearing officer for failing to consider evidence he did not properly request" (Docket 9, p. 3).

Regardless, a due process error in a habeas corpus case is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995). Offender Shibler's testimony that he admitted having the tobacco would not have changed the outcome because the hearing officer was free to credit one witness over another. *See McPherson* 188 F.3d at 786. And, as discussed above, the uncontested evidence that Austin had access to the crawl space is "some evidence" in support of his conviction. Austin says the correctional officers would have testified that he was no longer working in the crawl space at the time of the incident. This does not matter because the issue was whether Austin had access to the crawl space at any time, and the evidence shows he did.

Issue # 5 of Austin's brief argues he was originally written up for one offence, and it was changed after the fact to two separate offenses. He is wrong because he was never charged with two separate offenses. As shown on the Conduct Report, he was charged with class A offenses 111/113 which, taken together, amount to attempting to commit any class A offense – Trafficking (Docket # 7, Exhibit A). In any event, Austin does not argue that he was confused or misled by the write-up.

Issue # 6 of Austin's brief argues that he would have requested a lay advocate, but the screening officer lied to him and said he would need a lay advocate only if he could not read, write, or understand English. This claim fails because he was correctly advised. Due process does not require that a prisoner be

appointed a lay advocate for a disciplinary hearing unless "an illiterate inmate is involved . . . or . . . the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570; *Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir. 1992). In this case Austin does not allege that he is illiterate or that this case is unusually complex.

## **CONCLUSION**

This Court should affirm the decision of the district court that denied habeas relief.

Respectfully submitted,

GREGORY F. ZOELLER,
Attorney General of Indiana
Attorney No. 1958-98


By:   s/ *Frances Barrow*
Frances Barrow
DEPUTY ATTORNEY GENERAL
Attorney No. 15115-22

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2014, a copy of the foregoing was filed electronically.  I hereby certify that on November 3, 2014, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Timothy W. Austin, #209647
Chain O' Lakes Correctional Facility
3516 East 75th Street
Albion, Indiana  46701

<u>s/ <i>Frances Barrow</i></u>
Frances Barrow
DEPUTY ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana  46204
Telephone:  (317) 233-0555
Fax:  (317) 232-7979
Frances.Barrow@atg.in.gov
GZ/847856