In The
United States Court Of Appeals
For The Seventh Circuit

U.S.C.A. – 7th Circuit
F I L E D
NOV 1 9 2014
GINO J. AGNELLO
CLERK

No. 14-2574

Timothy Austin ) Appeal from the United States
    Appellant ) District Court
V. ) Northern District Of Indiana
Westville Superintendent ) Hammond Division
)
)
) Cause No: 2:13-CV-00221-JTM
) Honorable James T Moody, Judge

Reply Brief Of Appellant

Timothy Austin
Appellant, Pro-Se

Timothy Austin
COZ 209647
3516 E. 75 S.
Albion, IN 46701

At the time of the offense, I was not working in the area, nor did I have access to the crawl space. I was currently assigned to work with the other two officers and this would have been indicated had I been allowed to call them for witnesses, which I was denied. That and the defense keeps referring to contraband being found in shared living areas being responsible. The tobacco found was not found in my living area or possession. My living area was in Westville and the contraband found was in Gary. That and I had no access to the area for several weeks prior to this as would have been indicated had I been able to call the other two officers as witnesses.

The witnesses was noted on pg 6. The three witnesses called were the only ones the hearing officer would allow to be called. He repeatedly refused to allow the witnesses I wanted.

As to requesting a Lay Advocate, the issue is rather complex for someone with limited law experience and almost no access to the law library.

The finding of guilt is based completely on a statement made by an officer that could have been contradicted by the other two officers statements. There was absolutely no evidence to state I was trafficking. DOC policy states trafficking as bringing articles into a penal facility. As I was thouroughly searched coming into the facility and the alleged tobacco was found in Gary on a day I wasn't working, this can't constitute trafficking.

The issues that keep being brought up are on the calling of witnesses and the requesting of evidence.

I'm not the one who filled out the paperwork in these regards. The hearing officer repeatedly refused to write down the original three witnesses I wanted called, i.e.: The two DOC officers and Tony Shidler. The hearing officer told me that either I could call the three other inmates on the crew or I might as well plead guilty with no witnesses. The officer refused to allow me to call officers as witnesses and as it is a fact of law, an officers statement will automatically hold sway over an inmates statement. An inmates statement alone will not get a matter overturned. As stated repeatedly before now, the officers statements were the difference in a guilty and a not guilty verdict as I was assigned to work with them at the time of offense.

As to the evidence, the hearing officer stated that the only evidence in this matter was the conduct report. He refused to write down anything else as it was "not available to request".

Another point I've brought up is on pg. 4 of Appellee's Brief. This is in reference to the alleged comment I made on Exhibit A. This comment is no where near the case I pled in the hearing. That is all the hearing officer would write down.

On page 5, my words were misconstrued yet again by the defense in regards to my statement about working in the crawl space. As I stated, I had worked in the area 4-5 weeks prior and not again for as long as I worked there.

As stated on Pg 8, the defense uses Exhibit B to constitute that I refused any evidence to be requested. As this form is not something I filled out, this was not what I tried to request. The officer refused to mark down something that he referred to as not available.

The whole issue on Pg 9 is access to the crawl space. On the time of the incident, I had no access to the crawl space. Tony Shibley and one other inmate were the only ones with access for the last several weeks as I was assigned to work with the other two officers.

### Conclusion

The Apellant requests the court to consider all in this matter and to grant habeus relief.

*[signature]*

### Certificate Of Service

I hereby certify that on Nov. 14, 2014, a copy of the foregoing was filed by US Postal Service.

*[signature]*

Timothy Austin
COL 209647
3516 E. 75 S.
Albion, IN 46341